**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| **KEVIN DUKES** | **DOCKET NO. 6:25-cv-00097 SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MARK GARBER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the Court are the original and amended civil rights complaints [docs. 1, 5, 17], filed pursuant to 42 U.S.C. § 1983, by plaintiff Kevin Dukes, who is proceeding pro se and *in forma pauperis* in this matter. Plaintiff makes allegations of civil rights violations by Lafayette Parish Sheriff Mark Garber, the Lafayette Parish Sheriff's Office, Jonathan Young, and numerous unknown Lafayette Parish Sheriff's Office Swat Team members. Doc. 1. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**I.    BACKGROUND**

Plaintiff alleges that on or about February 8, 2023, at 504 Mustang Street, Scott, Louisiana, he was shot by an unknown officer of the Lafayette Parish Sheriff's Office who "claimed to be acting pursuant to an arrest warrant issued on April 17, 2019, by the Lafayette Parish Sheriff's Office." Doc. 1, p. 2. Plaintiff contends that at the time of the shooting, he was unarmed and posed no threat to law enforcement. *Id*. He complains that the warrant was never presented to him yet also alleges that the warrant was deficient/contained false information. *Id*.

Plaintiff raises numerous causes of action: (1) violation of his right to unreasonable seizure under the 4th Amendment; (2) violation of his right to be informed of the charges under the 6th Amendment; (3) violation of his due process rights under the 14th Amendment; (4) *Monell* Liability

and malfeasance in office; (5) intentional infliction of emotional distress; and (6) declaratory and injunctive relief. Doc. 1.

On May 28, 2025, plaintiff was ordered to amend his complaint to cure deficiencies related to the named defendants. Doc. 14. Specifically, he was informed that to the extent he seeks to name Sheriff Mark Garber as a defendant, he must allege facts sufficient to demonstrate either personal involvement in this incident or the implementation of unconstitutional policies by Sheriff Garber related to this incident. He should identify the specific policy, procedure or custom upon which he is basing his claims. Doc. 14, p. 4. Moreover, he was informed that claims against the Lafayette Parish Sheriff's Office should be dismissed, as it is not a legal entity capable of being sued in a federal civil rights action. *Id*. at pp. 4-5. He was further asked to provide any additional details regarding his claims against Jonathan Young and the other John Doe defendants. *Id*. at p. 5.

With respect to his claim for excessive force, plaintiff was also ordered to amend his complaint to allege facts to demonstrate that the use of force was a violation of his Constitutional rights and not an appropriate exercise of force under the circumstances. *Id*. at p. 6. He was ordered to state whether any criminal charges related to the incident in question were filed, and if so, the status of those charges. *Id*.

Finally, he was informed that in order to bring a cause of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), he must allege facts "show[ing] that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (quoting *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017)). An official policy "includes the decisions of a government's [lawmakers], the acts of its policymaking officials, and practices

so persistent and widespread as to practically have the force of law." *Id*. (quoting *Connick v. Thompson,* 563 U.S. 51, 61 (2011)). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Peña*, 879 F.3d at 622 (quoting *Spiller v. City of Tex. City, Police Dep't,* 130 F.3d 162, 167 (5th Cir. 1997)).

Plaintiff filed an Amended Complaints on June 5, 2025. Doc. 17. However, he failed to comply with the orders set forth by the Court in its May 28, 2025 Order.

## II. LAW & ANALYSIS

### A. *Frivolity Review*

Dukes is not a prisoner; however, he is proceeding in forma pauperis. Doc. 7. District courts have authority under Section 1915 to dismiss a complaint sua sponte where the complaint "(1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." *Malone v. La. Dep't of Safety & Corr.,* 2017 U.S. Dist. LEXIS 151143 (W.D. La. Aug. 25, 2017) (citations omitted); *see Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A court may dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Id.; see Moore v. Mabus,* 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in in forma pauperis complaints).

Although courts construe pro se filings liberally in this context, dismissal is appropriate where the claims have no chance of success, *Id*.; cf. *Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where pro se plaintiff's claim "[was] based upon an indisputably meritless legal theory"). Moreover, "[t]he statute applies equally to prisoner and non-prisoner

cases." *Id.*; see, e.g., *Booker*, 2 F.3d at 115 (applying Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."). The Court finds in accord with these authorities that Section 1915(e)(2)(B) applies to non-prisoners and prisoners alike and, accordingly, has performed an initial review of the allegations.

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Improper Defendants

#### a. Supervisory Official

Plaintiff has sued Sheriff Mark Garber in his supervisory capacity as the Sheriff of Lafayette Parish. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150

(5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). Plaintiff failed to allege facts sufficient to demonstrate either personal involvement in this incident or the implementation of unconstitutional policies by Sheriff Garber related to this incident, nor did he identify a specific policy, procedure or custom upon which he is basing his claims. Therefore, claims against Sheriff Garber should be dismissed.

### b. *Lafayette Parish Sheriff's Office*

Plaintiff has named the Lafayette Parish Sheriff's Office as a defendant. In Louisiana, "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Adams v. Police Dep't of Kaplan*, 2025 U.S. Dist. LEXIS 35472, at *4 (W.D. La. Jan. 24, 2025) (citing *Francis v. Terrebonne Par. Sheriff's Office*, No. 08-4972, 2009 U.S. Dist. LEXIS 114805, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)). The State of Louisiana grants no such legal status to any law enforcement office or department. *Liberty Mut. Ins. Co. v. Grant Par. Sheriff's Dep't*, 350 So. 2d 236, 238 (La. App. 3d Cir. 1977). Further, the Sheriff's Office is not a "person" for purposes of § 1983 liability. *Calhoun v. Sanderson*, No. 01-3765, 2003 U.S. Dist. LEXIS 4620, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003) (citation omitted); *Creppel v. Miller*, No. 92-2531, 1993 U.S. Dist. LEXIS 792, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993) (citation omitted). Accordingly, plaintiff's claims against this the Lafayette Parish Sheriff's Office should be dismissed.

### D. Claims

#### a. Excessive Force

Plaintiff alleges that the use of force by Jonathan Young and the other Lafayette Sheriff's Deputies was a violation of his Constitutional rights and not an appropriate exercise of force under the circumstances. However, he failed to allege pertinent facts including whether any criminal charges related to the incident in question were filed, and if so, the status of those charges, despite being ordered by the Court to do so. *See* doc. 14, p. 6. Accordingly, plaintiff has failed to state a claim upon which relief may be granted.

#### b. Failure to Inform

Plaintiff complains that he "was not informed of the charges or shown a valid warrant." Doc. 17-1, p. 3. The United States Supreme Court has "never held that" a police officer is "constitutionally required" to "inform a person of the reason for his arrest at the time he is taken into custody[.]" *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004).

Under the Sixth Amendment, "the accused shall enjoy the right to . . . be informed of the nature and cause of the accusation . . . ." U.S. CONST. AMEND. VI. However, "A defendant's right to be informed of the nature and cause of an accusation brought against him does not exist until the Government is committed to a prosecution." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *Kladis v. Brezek*, 823 F.2d 1014, 1018 (7th Cir. 1987)).

In *Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (quoted sources omitted), the Court opined: "The initiation of judicial criminal proceedings . . . is the starting point of our whole system of adversary criminal justice. For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and

immersed in the intricacies of substantive and procedural criminal law. It is this point, therefore, that marks the commencement of the 'criminal prosecutions' to which alone the explicit guarantees of the Sixth Amendment are applicable."

Most relevant here, an arrest does not constitute a "criminal prosecution" under the Sixth Amendment. In *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 220 (2008) (quoting 4 W. Blackstone, Commentaries), the Court agreed that "prosecution" means "the manner of an offender's 'formal accusation.'" "The modifier 'formal' is significant because it distinguishes 'prosecution' from earlier stages of the process involving a different kind of accusation: *the allegation of criminal conduct necessary to justify arrest and detention.*" *Id*. (emphasis added). "[T]he accusation justifying arrest and detention [is] clearly preliminary to the 'formal accusation' . . . ." *Id*.

The Court further opined in *Rothgery* that "'criminal prosecutio[n]' in the Sixth Amendment refers to the commencement of a criminal suit by filing formal charges in a court with jurisdiction to try and punish the defendant." *Id*. at 223. In *Rothgery*, the "petitioner's initial appearance before the magistrate did not commence a 'criminal prosecutio[n]'" because "[n]o formal charges had been filed." *Id*. Rather, "The only document submitted to the magistrate was the arresting officer's affidavit of probable cause[,]" which "clearly was not . . . the commencement of a criminal 'prosecution.'" *Id*. at 224. "Rather, it was the preliminary accusation necessary to justify arrest and detention—stages of the criminal process . . . before prosecution. The affidavit was not a pleading that instituted a criminal prosecution, such as an indictment, presentment, or information . . . ." *Id.; see also Kirby*, 406 U.S. at 698 (Brennan, J., dissenting) (acknowledging that the plurality concluded that an arrest "does not face the accused 'with the prosecutorial [sic] forces of organized society,' nor immerse him 'in the intricacies of substantive and procedural criminal law.'"); *United*

*States v. Gouveia*, 467 U.S. 180, 190 (1984) (observing that the Court has "never held that the right to counsel [under the Sixth Amendment] attaches at the time of arrest.") (modification to original).

Here, because an arrest without more does not constitute a "criminal prosecution" under the Sixth Amendment, Plaintiff's right to be informed of the nature and cause of the accusations against him did not yet exist.

### c. *Monell Claim*

To the extent that plaintiff seeks to bring a claim pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), he was ordered to allege facts "show[ing] that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (quoting *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017)). An official policy "includes the decisions of a government's [lawmakers], the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Peña*, 879 F.3d at 622 (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

In his Amended Complaint, plaintiff stated that "Lafayette Parish maintained a policy/custom of failing to verify warrants and improperly deploying force." Doc. 17-1, p. 3. However, this conclusory statement is insufficient, as "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas,* 981 F.2d 237, 245 (5th Cir. 1993); *McCloud v. Craig*, Civ. Action No. 09-3287, 2009 U.S. Dist. LEXIS 72390, 2009 WL 2515609, at *6 (E.D. La. Aug. 17, 2009). Rather, he must identify

the policy or custom which allegedly caused the deprivation of his constitutional rights. *See, e.g., Murray v. Town of Mansura,* 76 Fed. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 Fed. App'x 315, 316 (5th Cir. 2003); *McCloud*, 2009 U.S. Dist. LEXIS 72390, 2009 WL 2515609, *6. Plaintiff has made no allegation that the alleged violations in the instant case were caused by a policy or custom of the Lafayette Parish government, nor did he identify any policy. This claim should be dismissed.

### d. *Conspiracy to Interfere with Civil Rights, Intentional Infliction of Emotional Distress, Malfeasance in Office*

Finally, with respect to the remaining claims, despite be given the opportunity to amend his complaint, plaintiff has failed to allege any facts to set forth a claim for interference with civil rights, intentional infliction of emotional distress or malfeasance in office. These claims should be dismissed.

**CONCLUSION**

Accordingly, **IT IS RECOMMENDED** that this civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 8th day of September, 2025.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE